# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case No.09-37932-SBB |
| LISA MCGOUGH, xxx-xx-3614 ) | |
| SCOTT MCGOUGH, xxx-xx-9950 ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |
| DAVID S. WADSWORTH, Chapter 7 ) | Adversary Proceeding No. 10-01910-SBB |
| Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| THE WORD OF LIFE ) | |
| CHRISTIAN CENTER, ) | |
| ) | |
| Defendant. ) | |

**APPEARANCES ON THE PLEADINGS:**

Jared C. Walters, Esq.  
TIMOTHY J. LAMB, P.C.  
1401 17th Street  
Suite 330  
Denver, CO 80202  
COUNSEL FOR PLAINTIFF

Jason Forman, Esq.  
FAIRFIELD AND WOODS, P.C.  
Wells Fargo Center  
1700 Lincoln Street, Suite 2400  
Denver, CO 80203  
COUNSEL FOR DEFENDANT

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court for consideration of:

A.    The Motion for Partial Summary Judgment and Memorandum in Support Thereof filed by the plaintiff, David S. Wadsworth, Chapter 7 Trustee ("Plaintiff" or "Trustee") on April 29, 2011,[1] and the Response and Memorandum in Opposition to Plaintiff's Motion For Partial Summary Judgment filed by the defendant, Word of Life Christian Center ("Defendant") on May

---

[1]    Docket #14.

20, 2011.[2]

     B.    The Defendant's Motion For Partial Summary Judgment, filed on April 29, 2011,[3] and Plaintiff's Response To Defendant's Motion For Partial Summary Judgment filed on May 20, 2011.[4]

     The Court having reviewed the pending pleadings and the within case file, makes the following findings of fact, conclusions of law and enters the following Order.

**I.**     **Jurisdiction**

     The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e). This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (H).

**II.**     **Background**

     There are no genuine issues of material fact. The Debtors, Lisa and Scott McGough ("Debtors"), filed for Chapter 7 bankruptcy relief on December 31, 2009. In 2008, the Debtors' gross earned income was $6,800 and they received $22,036 in social security benefits.[5] Throughout 2008, the Debtors made 25 donations to the Defendant, Word of Life Christian Center, totaling $3,478.[6]

     In 2009, the Debtors' gross earned income was $7,487 and they received $23,164 in social security benefits. Throughout 2009, the Debtors made 7 donations totaling $1,280 to Defendant.[7]

     The Trustee filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56 seeking to avoid the charitable contributions under 11 U.S.C. § 548. The Defendant's motion for summary judgment claims § 548(a)(2), amended by the Religious Liberty and Charitable Donation Protection Act of 1997 ("RLCDPA"), provides a defense against the Trustee's avoidance power:

     (2) A transfer of a charitable contribution to a qualified religious or charitable entity or

---

[2]     Docket #19.

[3]     Docket #15.

[4]     Docket #18.

[5]     Statement of Financial Affairs (filed 12/31/09).

[6]     Defendant's Motion for Partial Summary Judgment, Exhibit 2.

[7]     *Id*. at Exhibit 4.

organization shall not be considered to be a transfer covered under paragraph (1)(B) in any case in which--

(A) the amount of that contribution does not exceed 15 percent of the gross annual income of the debtor for the year in which the transfer of the contribution is made.

### III. Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[8] A party asserting that a fact cannot be genuinely disputed must support that assertion by "citing to particular parts of the record, including depositions, documents, . . . affidavits or declarations, stipulations . . . ,admissions, interrogatory answer, or other materials."[9] When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.[10] The movant bears the initial burden of establishing that summary judgment is appropriate.[11]

### IV. Issues

A. For purposes of § 548(a)(2), are social security payments included in gross annual income ("GAI")?

B. For purposes of § 548(a)(2), is the 15% threshold applicable to transfers individually or transfers made in the annual aggregate?

C. If the transfers exceed 15%, is the entire transferred amount voidable or just the transferred amount that exceeds 15%?

---

[8] FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056.

[9] FED. R. CIV. P. 56(c)(1)(A).

[10] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* 475 U.S. 574, 106 S.Ct. 1348 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288 (10th Cir. 1991).

[11] *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Anderson v.Liberty Lobby*, *Inc.*, 477 U.S. 242, 256 (1986).

**V.      Discussion**

    **A.      GAI**

The Court must first look to the plain language of the statute to interpret whether Congress's intent was clear.[12] Here, the plain language of § 548(a)(2) is ambiguous as to whether GAI should include social security benefits. Furthermore, the Bankruptcy Code does not define the term "gross annual income," and there is no reported case defining "gross annual income" within the meaning of § 548(a)(2).[13] However, the Bankruptcy Code does exclude social security benefits when calculating current monthly income ("CMI").[14] Also, the Internal Revenue Code ("IRC") addresses whether social security benefits are included in GAI.[15] The IRC only includes social security benefits in GAI if the debtor's modified adjusted gross income for the taxable year plus one-half of social security benefits received during the taxable year exceeds the base amount. In *Wagner*, the Seventh Circuit of Appeals adopted the IRC's definition of GAI.[16] In addition to the Seventh Circuit of Appeals, the Bankruptcy Court in the Central District of California has adopted the IRC's definition of GAI..[17]

Conversely, Defendant argues that social security benefits should be included in GAI. In support of their contention the defendant cites *In re Koenegstein*. In *Koenegstein*, the court held that social security benefits may be included if a strict adherence to the IRC would create a result "absurdly irreconcilable" with the Bankruptcy Code.[18] However, *Koenegstein* is not directly applicable to the case at hand as it involved the definition of gross income in regard to Chapter 12 farmers. Also, the defendant has not shown how applying the IRC would create a result "absurdly irreconcilable" with the Bankruptcy Code. Defendant also relies on *In re Olguin*, which held that social security benefits are included in a debtor's CMI if social security funds were redirected to the debtor from a third party.[19] *Olguin* does not support the defendant's position for two reasons; (1) Olguin involved CMI not GAI, and (2) Olguin's holding does not support the defendant's position; the Debtors are not a third party redirecting funds to their children.

---

[12]    *Am. Tobacco Co. v. Patterson,* 456 U.S. 63, 68, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982).

[13]    *In re Lewis*, 401 B.R. 431, 438 (Bankr. C.D. Cal. 2009).

[14]    11 U.S.C. § 101(10)(a).

[15]    26 U.S.C. § 86.

[16]    *In re Wagner*, 808 F.2d 542, 549 (7th Cir.1986).

[17]    *In re Lewis*, at 441.

[18]    130 B.R. 281, 284 (Bankr. S.D. Ill. 1991).

[19]    429 B.R. 346, 349-50 (Bankr. D. Colo. 2010).

When comparing the IRC's GAI base standard of $32,000 to the Debtors' financial situation it is clear that the Debtors' social security payments should not count as gross income.[20]

| Year | Modified GAI | Halved Social Security | Total |
|---|---|---|---|
| 2008 | $6,800 | $11,018 | $17,818 |
| 2009 | $7,487 | $11,582 | $19,069 |

### B. Transfers

*Universal Church v. Geltzer* held that transfers should be examined on an aggregate basis.[21] The court found support for its holding in §102(7), and the House Report on the Religious Liberty and Charitable Donation Protection Act of 1997 (RLCDPA). Section 102(7) provides, "the singular includes the plural."[22] Meaning, the singular form of the word "transfer" used in § 548(a)(2) should actually be read in the plural as "transfers." The RLCDPA House Report states that the safe harbor "is intended to apply to transfers that a debtor makes on an *aggregate* basis during the one-year [now two-year] reachback period preceding the filing of the debtor's bankruptcy case."[23]

Alternatively, Defendant relies solely on the *Zohdi* opinion to argue that the 15% cap only applies to each individual transfer.[24] The problem with reliance on this case is that the *Zohdi* court was not ruling on this issue. The text in support of the defendant's position is merely dicta.

### C. Voidable Amount

There is only one court to publish an opinion directly addressing this issue. In *Zohdi*, the court held that a plain reading of the statute requires the entire transfer amount of the charitable

---

[20] 26 U.S.C. § 86(c)(1)(b).

[21] *Universal Church v. Geltzer*, 463 F.3d 218 (2d Cir. 2006).

[22] 11 U.S.C. § 102(7).

[23] Religious Liberty and Charitable Donation Protection Act of 1997, H.R.Rep. No. 105-556, at 9 (1998).

[24] *In re Zohdi* 234 B.R. 371, 377 (Bankr. M.D. La. 1999).

donation to be voided.[25] The *Zohdi* court reasoned that Congress would have included more precise language if it had intended for just the amount over the 15% to be voidable.[26]

On the other hand, the RLCDPA was created to reverse the trend among the courts allowing avoidance actions to recover funds contributed by Debtors to churches.[27] The House Report states, "the safe harbor protects annual aggregate contributions *up to* 15 percent of the debtor's gross annual income."[28] The term "up to" indicates an intent by Congress to bifurcate the avoidance amount beyond the 15% threshold.

*Zohdi* is distinguishable from the current case for several reasons. First, *Zohdi* involved a large single transaction which is unlike the case at hand. Second, the *Zohdi* Court interpreted § 548(a)(2) as not requiring an aggregate analysis. Meaning, a debtor could deplete their entire estate by simply donating several times but below the 15% threshold. This result is not what Congress could have intended.

It is equally as doubtful that Congress would protect a debtor's right to donate 15% of their GAI to a charitable organization, but allow a trustee to avoid all donations if one cent over the 15% threshold is donated. From the church's perspective, voiding entire transfers above 15% of a debtor's GAI would place an undue burden upon churches. If the entire donation amount is voided churches would be obligated to investigate a donor's financial background in order to use funds within two years of receipt. The voidable amount if bifurcated:

| Year | Donation Amount | 15% Cap | Voidable Amount |
|---|---|---|---|
| 2008 | $3,478 | $1,020 | $2,458 |
| 2009 | $1,280 | $1,123.05 | $156.95 |
| Total | $4,758 |  | *$2,614.95* |

## VI. Conclusions of Law

For purposes of § 548(a)(2), social security payments are not included in GAI. Also for purposes of § (548)(a)(2)(A), the 15% threshold applies to transfers made in the annual aggregate. If the transfers exceed 15%, then only the transferred amount that exceeds 15% is avoided. Here, the Debtors' contributions exceeded their 15% GAI in both 2008 and 2009. The

---

[25] *Id.* at 373.

[26] *Id.* at 375.

[27] *Norton Bankruptcy Law and Practice*, p. 891, (West 2010).

[28] Pub L 105-183, June 19, 1998.

Trustee is entitled to an avoidance of $2,614.95.

**VII. Order**

Based on the foregoing,

IT IS THEREFORE ORDERED that the Plaintiff's Motion For Partial Summary Judgment is:

A. GRANTED to the extent that it seeks summary judgment on the avoidance of Debtors' charitable contributions that exceed 15% of Debtors' GAI totaling $2,614.95 pursuant to 11 U.S.C. § 548. It is

B. DENIED to the extent that it seeks summary judgment in the avoidance of Debtors' charitable contributions that do not exceed 15% of Debtors' GAI totaling $2,143.05 pursuant to 11 U.S.C. § 548.

IT IS FURTHER ORDERED that Defendant's Motion For Partial Summary Judgment is:

A. GRANTED to the extent that it seeks summary judgment to retain charitable contributions that do not exceed 15% of Debtors' GAI totaling $2,143.05.

B. DENIED to the extent that it seeks summary judgment to retain charitable contributions that exceed 15% of Debtors' GAI totaling $2,614.95.

IT IS FURTHER ORDERED that the trial scheduled for September 15, 2011 at 9:00 a.m. in Courtroom E is VACATED.

Dated this 6th day of July, 2011.

BY THE COURT:

_____
Sidney B. Brooks,
United States Bankruptcy Judge